NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0721n.06
Filed: October 5, 2007

Case No. 07-5027

UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ALMEDA WIREMAN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERNIE FLETCHER, Individually and in his | ) | |
| official capacity as Governor of Kentucky; | ) | On Appeal from the United |
| SAM BEVERAGE, Individually and in his | ) | States District Court for the |
| official capacity as an Administrative | ) | Eastern District of Kentucky |
| Employee of the Department of | ) | |
| Transportation; DEPARTMENT OF | ) | |
| TRANSPORTATION; and UNKNOWN | ) | |
| DEFENDANTS who conspired to deny the | ) | |
| Plaintiff the position of Highway District | ) | |
| Administrative Manager, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: BATCHELDER and GILMAN, Circuit Judges; VARLAN,[*] District Judge.

THOMAS A. VARLAN, District Judge. Plaintiff-Appellant Almeda Wireman filed a 42

U.S.C. § 1983 action against Ernie Fletcher, Sam Beverage, the Kentucky Transportation Cabinet

(misidentified as the "Department of Transportation" in Wireman's complaint), and other unknown

defendants for violating her First and Fourteenth Amendment rights. She claims that Ernie Fletcher,

individually and in his official capacity as the Governor of Kentucky, and Sam Beverage,

---

[*]The Honorable Thomas A. Varlan, United States District Judge for the Eastern District
of Tennessee, sitting by designation.

individually and in his official capacity as a Transportation Cabinet employee, along with other unknown defendants, participated in an illegal political patronage scheme that resulted in the hiring of an unqualified candidate for a middle management position with the Kentucky Transportation Cabinet to Wireman's detriment.

After Wireman filed suit in the United States District Court for the Eastern District of Kentucky, the Transportation Cabinet, Ernie Fletcher, and Sam Beverage filed motions to dismiss. The district court dismissed Wireman's claims against the Transportation Cabinet on Eleventh Amendment grounds. The district court also granted Ernie Fletcher's and Sam Beverage's motions to dismiss on grounds that Wireman's claims against these parties were barred by the statute of limitations. In her appeal, Wireman raises the sole issue of whether the district court erred in dismissing her action based upon the statute of limitations. Upon careful *de novo* review of the record, the law, and the parties' briefs, we agree with the district court that Wireman's claims against Ernie Fletcher and Sam Beverage are barred by the statute of limitations. The district court correctly concluded that Wireman failed to bring suit within the applicable statute of limitations period and that equitable tolling for fraudulent concealment was inappropriate in light of the relevant facts of the case. Because the reasons for this ruling were fully articulated by the district court, the issuance of a full written opinion would be duplicative and serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.